

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-30314-MAP

KAREN KAROWSKI,                          )
    Plaintiff                        )
                                     )
                                     )
vs.                                      )
                                     )
ERIC CERRETA, DAVID HASKELL,             )
CHRISTOPHER MORRIS, and THE              )
INHABITANTS OF THE TOWN OF               )
WILLIAMSTOWN,                            )
    Defendants                       )

## DEFENDANTS' ANSWER TO VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### AS TO PARTIES

1. The defendants admit the allegations contained in paragraph 1 of the plaintiff's complaint.

2. The defendants admit the allegations contained in paragraph 2 of the plaintiff's complaint.

3. The defendants admit the allegations contained in paragraph 3 of the plaintiff's complaint.

4. The defendants admit the allegations contained in paragraph 4 of the plaintiff's complaint.

### AS TO JURISDICTION AND VENUE

5. The defendants say that paragraph 5 does not require a response but further answering, denies that 42 U.S.C. §1983 is implicated in this case.

6. The defendants neither admit nor deny the allegations contained in paragraph 6 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

353916

## AS TO FACTS COMMON TO EACH COUNT

7. The defendants neither admit nor deny the allegations contained in paragraph 7 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

8. The defendants say that for a period of time after 1997, the plaintiff held the position of Police Secretary for the Williamsburg Police Department.

9. The defendants admit the allegations contained in paragraph 9 of the plaintiff's complaint.

10. The defendants deny the allegations contained in paragraph 10 of the plaintiff's complaint.

11. The defendants neither admit nor deny the allegations contained in paragraph 11 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

12. The defendants admit the allegations contained in paragraph 12 of the plaintiff's complaint.

13. The defendants admit the allegations contained in paragraph 13 of the plaintiff's complaint.

14. The defendants deny the allegations contained in paragraph 14 of the plaintiff's complaint.

15. The defendants neither admit nor deny the allegations contained in paragraph 15 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

16. The defendants neither admit nor deny the allegations contained in paragraph 16 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

353916

17. The defendants deny the allegations contained in paragraph 17 of the plaintiff's complaint.

18. The defendants neither admit nor deny the allegations as contained in the first phrase of the first sentence of paragraph 18 but admits the remaining allegations as contained therein.

19. The defendants neither admit nor deny the allegations contained in paragraph 19 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

20. The defendants neither admit nor deny the allegations contained in paragraph 20 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

21. The defendants admit that the position of Police Secretary was defined, as it had originally been, as one subject to annual appointment by the Selectmen in or about 2002 but deny the remaining allegations contained in paragraph 21 of the plaintiff's complaint.

22. The defendants admit the allegations contained in paragraph 22 of the plaintiff's complaint.

23. The defendants deny the allegations contained in paragraph 23 of the plaintiff's complaint.

24. The defendants deny the allegations contained in paragraph 24 of the plaintiff's complaint.

25. The defendants deny the allegations contained in paragraph 25 of the plaintiff's complaint.

26. The defendants say that the allegations contained in paragraph 26 do not require a response as the document referred to therein speaks for itself.

353916

27. The defendants neither admit nor deny the allegations contained in paragraph 27 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

28. The defendants neither admit nor deny the allegations contained in paragraph 28 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

29. The defendants neither admit nor deny the allegations contained in paragraph 29 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

30. The defendants admit the allegations contained in paragraph 30 of the plaintiff's complaint.

31. The defendants deny the allegations contained in paragraph 31 of the plaintiff's complaint.

## AS TO CLAIMS FOR RELIEF

32. The defendants deny the allegations contained in paragraph 32 of the plaintiff's complaint.

33. The defendants deny the allegations contained in paragraph 33 of the plaintiff's complaint.

34. The defendants deny the allegations contained in paragraph 34 of the plaintiff's complaint.

35. The defendants deny the allegations contained in paragraph 35 of the plaintiff's complaint.

36. The defendants deny the allegations contained in paragraph 36 of the plaintiff's complaint.

353916

## SECOND DEFENSE

The defendants say that this action was not commenced within the time required by the laws made and provided therefor.

## THIRD DEFENSE

The plaintiff is not entitled to recover as the complaint does not set forth a claim upon which relief can be granted.

## FOURTH DEFENSE

In further answering, the defendants say that the plaintiff's claim is frivolous and not made in good faith, and the defendants, therefore, demand their costs and attorneys' fees pursuant to G.L. c. 231, § 6F.

## FIFTH DEFENSE

The plaintiff has waived or should be estopped from asserting some or all of the claims set forth in the complaint.

## SIXTH DEFENSE

Some or all of the claims set forth in the complaint are barred by virtue of the plaintiff's failure to mitigate her damages.

## SEVENTH DEFENSE

The plaintiff is not entitled to punitive damages for the claims alleged in the complaint.

## EIGHTH DEFENSE

The defendants say that they are immune from liability in this case.

## NINTH DEFENSE

The defendants say that they are immune from liability for damages for any violation of the plaintiff's civil rights under federal or state law since their conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

353916

## TENTH DEFENSE

The defendants state that at all times they acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clear established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the complaint which bear on a state or federal question.

## ELEVENTH DEFENSE

The defendants state that they are immune from suit because of the doctrine of qualified immunity.

## TWELFTH DEFENSE

The defendants state that the plaintiff has failed to allege any acts of material nature which rise to the level of constitutional deprivations.

## THIRTEENTH DEFENSE

The defendants state that a civil rights action against the defendants must fail since they cannot be held liable under the *respondeat superior* doctrine and the plaintiff has failed to show that the defendants caused the alleged constitutional violation.

## FOURTEENTH DEFENSE

The defendants' actions and conduct were reasonable under the circumstances.

## FIFTEENTH DEFENSE

The defendants state that the plaintiff's claim must fail since the defendants were, at all relevant times, discharging discretionary functions and, thus, are entitled to immunity.

353916

## SIXTEENTH DEFENSE

The defendants cannot be held liable for violating the civil rights of the plaintiff as there has been no official or unofficial policy, custom, ordinance, regulation, or practice resulting in the deprivation of constitutional rights alleged.

THE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

THE DEFENDANTS
ERIC CERRETA, DAVID HASKELL,
CHRISTOPHER MORRIS, and THE
INHABITANTS OF THE TOWN OF
WILLIAMSTOWN

By_____
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  544402

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 18th day of February, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Harry L. Miles, Esq., 77 Pleasant Street, P.O. Box 210, Northampton, MA 01601-0210.

Subscribed under the penalties of perjury.

_____
Nancy Frankel Pelletier, Esq.

353916