UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:03-CV-30314-MAP

| | |
|---|---|
| KAREN KAROWSKI,<br>    Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| ERIC CERRETA, DAVID HASKELL,<br>CHRISTOPHER MORRIS, and THE<br>INHABITANTS OF THE TOWN OF<br>WILLIAMSBURG,<br>    Defendants | )<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW
IN SUPPORT OF THE
MOTION TO QUASH**

## INTRODUCTION

Sean Reagan, a Free-Lance Reporter for the <u>Daily Hampshire Gazette</u>, seeks an order of the Court quashing a deposition subpoena served upon him by the Plaintiff, Karen Karowski. The deposition is currently noticed for January 26, 2005, but the attorney for the Plaintiff, Harry Miles, has agreed to continue the deposition until this Motion is decided. The Plaintiff seeks to take Mr. Reagan's deposition as a percipient witness to several Select Board Meetings covered by Mr. Reagan for the <u>Daily Hampshire Gazette</u>. Four articles were published by Mr. Reagan: three concerning Select Board Meetings and one concerning the filing of the Complaint in this matter. Mr. Reagan seeks an Order quashing his deposition subpoena on the grounds that information sought from him is cumulative, marginally relevant at best, and certainly available from other sources. Enforcement of the subpoena will burden the free-flow of information to the public without serving any countervailing public or private interests.

BENJAMIN A. BARNES, P.C.
64 GOTHIC STREET
NORTHAMPTON, MA
01060

(413) 584-0368
FAX: (413) 585-5125
BAB@BarnesLaw.com

**MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION TO QUASH**　　　　　　　　　　　　　　　　　　　　　　Page 1

**ARGUMENT**

The issue before the Court is whether a reporter who covers public meetings in a number of towns in the coverage area of the Daily Hampshire Gazette should be required to give deposition testimony as a percipient witness of the events he observed at the public meetings and about which he wrote articles which appeared in the paper. The reporter submits he should not be required to comply with the subpoena, absent a showing by the party seeking to take his deposition that the information sought is relevant material and obtainable from no other source. To hold otherwise would unduly burden the newsgathering interest of the paper and free-flow of information to the public.

**ARGUMENT**

The First Amendment to the United States Constitution, Article XVI of the Declaration of Rights of the Massachusetts Constitution, Federal Rule of Civil Procedure, Rule 26(c), Federal Rule of Civil Procedure, Rule 45, and the Common law provide some measure of protection for a reporter in these circumstances.

There is no constitutionally based privilege protecting news reporters' sources of information (*Matter of a John Doe Grand Jury Investigation*, 410 Mass. 596, 598 [1991]), nor is there any statutory privilege or rule of Court providing for such a privilege (*Id*). Beginning with Justice Powell's concurrence in *Branzburg v. Hayes*, 408 U.S. 665 (1972), reporters have been provided some measure of protection from deposition subpoenas pursuant to a balancing test. As Justice Powell stated in his concurrence:

> The court does not hold that newsmen, subpoenaed to testify before a Grand Jury "are without Constitutional rights with respect to the gathering of news or in safe-guarding their sources." 408 U.S. at 709

BENJAMIN A. BARNES, P.C.
64 GOTHIC STREET
NORTHAMPTON, MA
01060

(413) 584-0368
FAX: (413) 585-5125
BAB@BarnesLaw.com

**MEMORANDUM OF LAW IN SUPPORT**
**OF THE MOTION TO QUASH**
Page 2

> If a news man believes that the Grand Jury investigation is not being conducted in good faith, he is not without remedy. Indeed, if the newsman is called upon to give information bearing only a remote and tenuous relationship to the subject of the investigation, or if he has some other reason to believe that his testimony implicates confidential source relationships without a legitimate need of law enforcement, he will have access to the Court on a Motion to Quash and an appropriate Protective Order may be entered. The asserted claim to privilege should be judged on its facts by the striking of a proper balance between freedom of the press and the obligation of all citizens to give relevant testimony with respect to criminal conduct. The balance of these vital constitutional and societal interests on a case by case basis accords with the tried and traditional way of adjudicating such questions. Id. at 710.

In the years since *Branzburg*, both Federal and Massachusetts Common law have applied and refined this balancing test.

In the case of *Dow Jones & Company, Inc. v. Superior Court*, 364 Mass. 317 (1973), discovery was compelled. In *Dow Jones*, the paper was a party to the case. The case was a libel case. The information sought was the identity of the speaker of the allegedly libelous statement. The reasoning in *Dow Jones* is important here. In *Dow Jones*, the Court distinguished its facts from a case in which discovery was not allowed. In *Baker v. F & F Inv.*, 470 F. 2d 778 (2d Cir. 1972), *cert. den.*, 411 U.S. 966 (1973), the journalist was not a party to the action and the plaintiffs had failed to make any showing that the identity of the source was necessary to their case. The Court in *Dow Jones* did state, with approval, that appearances in court or depositions of newsmen are subject to supervision by the presiding judge to prevent oppressive, unnecessary, irrelevant, and other improper inquiry.

In the case of *Bruno & Stillman v. Globe Newspaper*, 633 F.2d 583 (1st Cir. 1980), a reporter was required to disclose confidential sources. The *Bruno & Stillman* Court held that the proper balancing analysis requires consideration of whether the plaintiff has established that

BENJAMIN A. BARNES, P.C.
64 GOTHIC STREET
NORTHAMPTON, MA
01060
(413) 584-0368
FAX: (413) 585-5125
BAB@BarnesLaw.com

**MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION TO QUASH**

Page 3

its claim is not frivolous, that the desired information is relevant, and that the plaintiff can establish a jury issue on the essential elements of its case. *Bruno & Stillman* included in its reasoning a review of the protections afforded by Federal Rule of Civil Procedure Rule 26 (b)(1) that the material sought in discovery must be relevant, and that this requirement should be firmly applied. To this end, District Courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance and embarrassment, oppression or undue burden or expense. Federal Rule of Civil Procedure Rule 26 (c).

In the case of *Lynch v. Riddell*, 8 Med. L. Rptr. 2991 (U.S. Dist. Ct. Dist. of MA) (1982), the Court held that there is no basis in either Federal Constitutional Law or Massachusetts Law for the proposition that a reporter has a privilege to withhold relevant evidence in a civil case where that evidence will neither disclose the confidential source, nor disclose material given by a known source in confidence. That would appear to be the case here, however, as the *Lynch* Court indicated, this did not end the inquiry. The Court is still required to supervise discovery and to consider the effect the compelled discovery would have on "values protected by the First Amendment even though these values are entitled to no Constitutional privilege." *Matter of Roche*, 381 Mass. 624 (1980). The *Lynch* Court then went on to consider the following factors: the prevention of exposure for the sake of exposure, the use of discovery as a means of harassing a reporter, that the discovery was not sought purely as retribution for a story, that discovery was not sought to "chill" a particular point of view, and lastly that the hardship or inconvenience which discovery might impose on the given reporter should be taken into account.

In the case of *Sinnott v. Boston Retirement Board*, 402 Mass. 581 (1988), the Court reversed a judgment of civil contempt against a newspaper reporter for refusing to comply with

BENJAMIN A. BARNES, P.C.
64 GOTHIC STREET
NORTHAMPTON, MA
01060

(413) 584-0368
FAX: (413) 585-5125
BAB@BarnesLaw.com

**MEMORANDUM OF LAW IN SUPPORT**
**OF THE MOTION TO QUASH**

Page 4

an Order that he answer questions aimed at discovering the identities of confidential sources. In this case, in which the plaintiff sought to learn from the reporter the identity of a confidential source who had disclosed the nature of the plaintiff's claim for disability before the Boston Retirement Board, the Judge reasoned that the information was equally available to the plaintiff if it was willing to undertake an investigative effort equal to that made by the reporter. The Court assessed the importance of the identification of the confidential sources to the plaintiff's case and found it to be "de minimis." The Court then proceeded under Massachusetts Rule of Civil Procedure Rule 26(c) to assess the competing interests of preventing annoyance, embarrassment, oppression, undue burden or expense and the considerations of an efficient and just resolution of the action. The Court concluded that the public's interest in protecting the free flow of information, which was in part attributed to the investigative journalism conducted by the Globe Newspaper Company, outweighed the questionable necessity of the sources' names. The teaching of *Sinnott* is that the information sought of Mr. Reagan is equally available to the Plaintiff from the Minutes of the Select Board Meetings and by means of discovery from the attendees at those meetings. They are listed in the Minutes.

In the matter of *A. John Doe Grand Jury Investigation,* 410 Mass. 596 (1991), (the *Stuart Case*) the Court applied a two-part test. The first inquiry is whether the unwilling witness has made "some showing that the asserted damage to the free flow of information is more than speculative or theoretical." Once that showing has been made, the Court should undertake the balancing test outlined in the Common law. In assessing the public's interest in obtaining the evidence from the reporter, the Court is to consider pertinence to the inquiry of the evidence sought and whether the evidence itself was cumulative or otherwise available. In this case the low benefit to the Grand Jury from the revelation of the sources balanced against the public

BENJAMIN A. BARNES, P.C.
64 GOTHIC STREET
NORTHAMPTON, MA
01060

(413) 584-0368
FAX: (413) 585-5125
BAB@BarnesLaw.com

**MEMORANDUM OF LAW IN SUPPORT**
**OF THE MOTION TO QUASH**                                    Page 5

interest in encouraging dissemination of the information in the first place led the Appeals Court to the conclusion that the Grand Jury had no right to insist on a reporter's testimony. See also *Ayash v. Dana-Farber Cancer Institute*, 46 Mass. App. Ct. 384 (1999), a libel case against the Boston Globe in which a similar test was applied. In *Ayash*, the Court held that the reporter had made the requisite showing that damage to the free flow of information from compelled discovery would be more than speculative. The second step in the analysis is balancing the public's interest in everyone's evidence against the public's interest in protecting the free flow of information. For determination of the second step, the appeals court remanded the matter.

Applying the Federal and Massachusetts Common law to the facts of this case, turn first to the reporter's side of the ledger. Sean Reagan is a Free Lance Reporter. He covers public meetings of several towns within the area covered by the Daily Hampshire Gazette. Sean Reagan is, at first blush, in no different position than any member of the general public. The distinction is that he is paid to attend the meetings and his livelihood requires him to be present. Requiring disclosure here would not compromise any confidential sources. The flow of information is what would be observable by any member of the public. The difference here is that the reporter is present at so many of these meetings. To leave the reporter subject to subpoena for testimony on any meeting attended by the reporter creates in any one instance a small burden. Cumulatively, however, a heavy burden attaches to the newsgathering efforts of the paper. Absent reporters such as Sean Reagan, the events of these meetings occurring in small towns would not be covered in the news. The public would have no other way of knowing what had occurred in these meetings other than attending themselves. The standard of protection that should be accorded the reporter once a showing of burden on newsgathering is

BENJAMIN A. BARNES, P.C.
64 GOTHIC STREET
NORTHAMPTON, MA
01060
(413) 584-0368
FAX: (413) 585-5125
BAB@BarnesLaw.com

**MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION TO QUASH**                              Page 6

made is whether the information that the reporter has in his possession is relevant material and obtainable from no other source.

The Plaintiff has made no showing that the information in the reporter's particular possession is relevant or material to its case. It is clear from the Minutes of the Select Board Meetings covered by the reporter who else was present. Accordingly, the information is available from other sources which would not burden the newsgathering interest of the newspaper nor the public's interest in supporting and protecting the free flow of information. Applying the factors of the cases, they favor some protection for the reporter here. The paper is not a party. The Plaintiff has failed to exhaust other sources of discovery. It appears to be marginally relevant, if relevant at all, what the reporter heard and saw at the meeting.

Accordingly, Sean Reagan requests that his Deposition Subpoena be quashed until such time as the Plaintiff has made a showing that the information contained in his articles is relevant and material to the case and that the Plaintiff has exhausted all other sources of discovery of this information.

Respectfully submitted,
Sean Reagan, by his Attorney,

Date:   January 24, 2005

_____
Benjamin A. Barnes (BBO #542432)
Benjamin A. Barnes, P.C.
64 Gothic Street, Suite 6
Northampton, MA 01060-3042
Telephone:   413 584-0368
Facsimile:   413 585-5125
Email:       BAB@BarnesLaw.com

BENJAMIN A. BARNES, P.C.
64 GOTHIC STREET
NORTHAMPTON, MA
01060
(413) 584-0368
FAX: (413) 585-5125
BAB@BarnesLaw.com

**MEMORANDUM OF LAW IN SUPPORT**
**OF THE MOTION TO QUASH**                                                              Page 7

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Memorandum in Support of The Motion to Quash has been delivered to the following attorneys of record by (First Class Mail/Hand Delivery; Facsimile Transmission):

    Harry L. Miles
    Green, Miles, Lipton, White & Fitz-Gibbon
    Post Office Box 210
    Northampton, Massachusetts 01061-0210

    Nancy Frankel Pelletier
    Robinson Donovan, PC
    1500 Main Street, Suite 1600
    Springfield, Massachusetts 01115

Date:   January 24, 2005

                                            Benjamin A. Barnes

BENJAMIN A. BARNES, P.C.
64 GOTHIC STREET
NORTHAMPTON, MA
01060

(413) 584-0368
FAX: (413) 585-5125
BAB@BarnesLaw.com

**MEMORANDUM OF LAW IN SUPPORT**
**OF THE MOTION TO QUASH**