THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

Western Division
Civil Action No. 3:03-cv-30314-MAP

------------------------------------

KAREN KAROWSKI, Plaintiff,

v.

ERIC CERRETA, DAVID HASKELL, CHRISTOPHER MORRIS, and THE INHABITANTS OF THE TOWN OF WILLIAMSBURG, Defendants.

================================================================

VERIFIED AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

================================================================

The Plaintiff, Karen Karowski (Karowski), makes oath and deposes that the following statements are true, accurate and complete to the best of her knowledge and belief:

PARTIES.

1. Karowski resides and is domiciled in the Defendant Town of Williamsburg, a municipality in Hampshire County, Massachusetts (Williamsburg).

2. The Defendant, Eric Cerreta (Cerreta), resides and is domiciled in Williamsburg.

3. The Defendant, David Haskell (Haskell), resides and is domiciled in Williamsburg.

4. The Defendant, Christopher Morris (Morris), resides and is domiciled in Williamsburg.

JURISDICTION AND VENUE.

5. The United States District Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983.

6. The United States District Court has supplemental jurisdiction over related claims brought pursuant to the statutes and common law of the Commonwealth of Massachusetts according to 28 U.S.C. §1367.

7. Venue lies in the Western Division of the United States District Court for the District of Massachusetts pursuant to Local Rule 40.1 because all parties reside in Hampshire County and all of the acts of which Karowski complains occurred in Hampshire County.

FACTS COMMON TO EACH COUNT.

8. Karowski is a registered voter, public employee and elected official of Williamsburg.

9. Since 1997, Karowski has held the position of Police Secretary for the Williamsburg Police Department.

10. The position of Police Secretary is not a policy-making position in Williamsburg; the Police Secretary performs administrative functions under the supervision of the Chief of Police.

11. Karowski has performed her duties as Police Secretary satisfactorily; before the Selectmen

decided not to reappoint her, she had not been reprimanded or disciplined.

12. The Police Secretary does not work with Cerreta, Haskell and Morris directly.

13. The Police Secretary position is currently a twenty-five (25) hour per week position paying $13.70 per hour.

14. Karowski also is the elected Treasurer of Williamsburg. She has held that position for five years.

15. Her official position of Treasurer obliges Karowski to speak out at Town Meetings, at meetings of the Board of Selectmen, and at other public functions about the manner in which Cerreta, Haskell and Morris (collectively, the Selectmen), acting in their official capacity, have managed the financial affairs of Williamsburg.

16. The Selectmen are the governing executive body of Williamsburg, so that their actions as Selectmen constitute the policy and practice of Williamsburg.

17. Karowski is and has been an elected member of the Finance Committee of Williamsburg.

18. Her official position of Member of the Finance Committee obliges Karowski to speak out at Town Meetings, at meetings of the Board of Selectmen, and

at other public functions about budget proposals and expenditures which the Selectmen make.

19. As a citizen and registered voter, Karowski has voiced her opinion about positions the Selectmen have taken concerning the Williamsburg Police Department, including opposing the Selectmen's position toward compensation of Williamsburg's only full-time police officer, and the Selectmen's position on the Quinn Bill.

20. None of the opinions or criticisms that Karowski voiced has directly affected the terms and conditions of her employment or were intended to benefit her as an employee of Williamsburg.

21. During her tenure as an elected official, Karowski has voiced public criticism of various positions the Selectmen have taken, and of their financial management of Williamsburg.

22. Before 2002, the Chief of Police had the authority to hire and fire the Police Secretary.

23. Before 2002, the Chief of Police had hired and maintained Karowski as the Police Secretary.

24. In 2002, the Selectmen redefined the position of Police Secretary as one subject to annual appointment by the Selectmen.

25. On or about July 10, 2003, the Selectmen decided not to reappoint Karowski to the position of Police Secretary.

26. A desire to punish Karowski and to retaliate against her for her public speech on matters of public concern motivated the Selectmen's decision not to reappoint her.

27. Cerreta, Haskell, and Morris have engaged in a pattern and practice of retaliating against public employees and appointees who criticize their management of Williamsburg or who state that they had not voted for one of them.

28. For example, in 2003, Cerreta, Haskell, and Morris delayed the appointment of two citizens to the Shade Tree Committee so that Haskell could assure himself that neither of the two had written any letters critical of the Board of Selectmen or its members.

29. Cerreta, Haskell and Morris each decided not to reappoint Karowski because she had criticized and opposed positions each of them had taken concerning the financial management of Williamsburg.

30. In a letter of July 10, 2003, executed by Cerreta, Haskell and Morris as Selectmen, they stated that their reason for not reappointing Karowski was her constant criticism of their decisions regarding

5

police business. A copy of the letter is attached hereto, incorporated herein by reference and marked as Exhibit A.

31. Cerreta based his decision not to reappoint Karowski upon her criticism of the Selectmen's handling of town financial matters, including, for example, their lack of support for the Quinn Bill which she voiced during recent Finance Committee meetings.

32. Morris based his decision upon his perception that Karowski "relentlessly criticized" the Selectmen for decisions they made as police commissioners.

33. Haskell found Karowski's criticism "unacceptable" and said, "During the budget process she was certainly less than enthusiastic about how we were handling the budgets that are under her control."

34. At first, The Selectmen told Karowski that they would permit her to continue in her position until a replacement was appointed.

35. On or about November 3, 2003, after counsel for Karowski contacted them about their unlawful actions, the Selectmen reappointed Karowski to her position as Police Secretary for the remainder of its annual term.

36. The Selectmen have refused, neglected and declined to eschew engagement in protected speech as a

6

criterion governing appointment or reappointment to a Town position.

37. The Selectmen, acting as the chief policy-making officials of the Town of Williamsburg, deliberately punished Karowski and others for having engaged in protected core political speech.

38. After the Selectmen did not reappoint Karowski, she retained counsel.

39. Acting by and through counsel, Karowski and the Selectmen agreed that she would not file a complaint immediately and that she would not ask for immediate injunctive relief as long as the Selectmen permitted her to continue to act as Police Secretary.

40. Shortly after Karowski retained counsel and threatened to bring legal action against the Selectmen, the Selectmen fabricated claims that Karowski had not performed her job appropriately or competently.

41. In fact, some of the incidents of which the Selectmen accused Karowski were incidents in which one or more of the Selectmen had participated, encouraged or caused.

42. Karowski's immediate supervisor, the Chief of Police, never had brought any inadequate,

inappropriate or incompetent job performance to Karowski's attention.

43. The Selectmen did not afford Karowski due process to contest the allegations against her.

44. Upon information and belief, the Selectmen fabricated the allegations of inadequate, inappropriate or incompetent job performance to retaliate against Karowski for having sought counsel and having threatened to seek redress through the Court.

FIRST CLAIM FOR RELIEF

(42 U.S.C. §1983)

45. Each of the defendants acted under color of state law to retaliate against Karowski and others for exercising their right to freedom of speech and petition protected by the First Amendment to the Constitution of the United States.

46. Each of the defendants acted under color of state law to retaliate against Karowski for expressing her opinions as a duly elected public official.

47. Cerreta, Haskell and Morris conspired, one with the other, to deprive Karowski and others of their civil rights guaranteed by the First Amendment to the Constitution of the United States.

48. Cerreta, Haskell and Morris acting individually and together to retaliate against Karowski for attempting to exercise her right to free speech and petition, deprived Karowski of her right to due process guaranteed by the Fourteenth Amendment to the United States Constitution.

49. By reason of the defendants' retaliation against her, Karowski was deprived of her civil rights guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

50. By reason of the defendants' retaliation against her, Karowski has suffered the loss of liberty, has suffered emotional distress, has been prevented from transacting her business, and has suffered other and divers injuries.

SECOND CLAIM FOR RELIEF.

(G.L. c. 12, §§11H and 11I

51. The plaintiff repeats and realleges the averments contained in paragraphs one through forty-five as if they were fully set forth herein, and further says that:

52. The Selectmen, and each of them, used and continue to use their power of appointment to threaten, intimidate and coerce Karowski and others similarly situated to prevent them from exercising their

9

rights of free speech and petition protected by Articles XVI and XIX of the Declaration of Rights to the Constitution of the Commonwealth.

53. By reason of the defendants' retaliation against her, Karowski has suffered the loss of liberty, has suffered emotional distress, has been prevented from transacting her business, and has suffered other and divers injuries.

**WHEREFORE**, the Plaintiff prays the Court to enter judgment against the defendants, jointly and severally, as follows:

A. Issue Preliminary and Permanent Injunctions against the defendants forbidding them to:
   1. refuse to appoint or to refuse to reappoint a Town employee because that Town employee has engaged in protected political speech;
   2. retaliate against any public employee or appointee who speaks out publicly in opposition to the Selectmen about matters of public concern;

B. Award such compensatory damages against each defendant individually and in their official capacities as the Court may deem appropriate;

C. Find that Cerreta, Haskell and Morris acted maliciously and egregiously to deprive Karowski of her civil rights;

10

D. Award punitive damages in such amount as the Court shall deem appropriate against Cerreta, Haskell and Morris individually;

E. Award such attorneys fees, interest and costs that the Court shall deem appropriate against the defendants individually and in their official capacities.

F. Grant such other and further relief as the Court may deem just.

Signed under the pains and penalties of perjury, this twenty-ninth day of December, 2003, at Northampton.

The Plaintiff,
Karen Karowski

*Karen Karowski*

Signed at Northampton, this twenty-ninth day of December, 2003.

The Plaintiff, Karen Karowski,
By Her Attorneys

Harry L. Miles, for
*Green, Miles, Lipton & Fitz-Gibbon*
77 Pleasant Street, P.O. Box 210
Northampton, MA 01061-0210
Voice:    413.586.8218
Fax:      413.584.6278
Email:    harrymiles@aol.com
BBO#:     345800

11

DEMAND FOR JURY TRIAL.

The plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,
The Plaintiff by her Attorney

*signature*

Harry L. Miles, for
*Green, Miles, Lipton & Fitz-Gibbon*
77 Pleasant Street, P.O. Box 210
Northampton, MA 01061-0210
Voice:   413.586.8218
Fax:     413.584.6278
BBO#:    345800

EXHIBIT A

*Commonwealth of Massachusetts*



*Town of Williamsburg*

*141 Main Street, P. O. Box 447*
*Haydenville, Massachusetts 01039-0447*

Tel: (413) 268-8400                                    Fax: (413) 268-8409

July 10, 2003

Ms. Karen Karowski
94 Old Goshen Road
Williamsburg, MA 01096-9707

Dear Karen:

    We write to inform you that the Select Board voted at its July 10th meeting not to re-appoint you as Police Secretary. Despite being our appointee, you constantly criticize our board's decisions regarding police business. We do not believe it is appropriate for the Police Secretary or Administrative Assistant to relentlessly complain about the decisions the board members make in their capacity as Police Commissioners. We feel we need to fill the position with someone who can do the job without constantly attempting to undermine our authority.

    With the approval of Chief Archbald, you may continue in this position until a replacement is appointed, if you wish to do so.

Sincerely,

Eric P. Cerreta
Chairman, Board of Selectmen

Christopher S. Morris
Clerk, Board of Selectmen

David A. Haskell
Board of Selectmen

*The Town of Williamsburg is an Equal Opportunity Employer.*