UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:03-CV-30314-MAP

| | |
|---|---|
| KAREN KAROWSKI, <br> Plaintiff | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| ERIC CERRETA, DAVID HASKELL, <br> CHRISTOPHER MORRIS, and <br> THE INHABITANTS OF THE TOWN OF <br> WILLIAMSBURG, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF CHRISTOPHER MORRIS

I, Christopher Morris, first being duly sworn, do hereby depose and say:

1. At all times relevant to the above-captioned action, I was an elected member of the Board of Selectmen for the Town of Williamsburg.

2. At all times relevant to this action, I was the Police Department liaison of the Board of Selectmen.

3. As police liaison, I was the contact person for the Police Chief and was expected to bring the Select Board's concern to the Chief and be the point person for the Chief to bring the Department's concerns to the Select Board.

4. In my capacity as police liaison, I had voiced my concern to the Chief about the plaintiff's conduct regarding a number of issues.

5. Among the concerns I expressed to the Chief regarding the plaintiff were: that the plaintiff raised and discussed Police Department business at Finance Department meetings particularly issues I believed had already been discussed and resolved with the Chief; the fact

that it was the Chief's job as the spokesman for the Police Department and not the police secretary's job to raise issues to the Select Board concerning police matters; that it was unclear whether the plaintiff spoke as a member of the Finance Committee or as the police secretary when she made comments regarding police business; that at least one employee, a custodian of the police station, was leaving his job because the work environment was unpleasant and that he specifically had issues with the way the plaintiff treated him; that the tensions with the plaintiff as the police secretary were contributed to tension between the Select Board and the Police Department; that there was a perception that the plaintiff's views as police secretary on police matters with respect to the Select Board's policies must be the Chief's views as well as that this was undermining the relationship between the Select Board and the Police Department; that there appeared to be a conflict of interest when the plaintiff would sit on the Finance Committee and take up police matters and vote on any motions related to the Police Department.

6. The most troubling issue about which I spoke to the Chief had to do with the plaintiff being overheard discussing in a public area details regarding a recent arrest.

7. It was my expectation that the Chief, as the plaintiff's direct supervisor, would talk to her about all of these concerns and resolve them.

8. When it became apparent that there was no change in the plaintiff's behavior, I drafted a letter without the help of any of the other Select Board members and presented it to the other Board members.

9. When discussing with the other Board members the reasons for not reappointing the plaintiff all of the concerns discussed in this Affidavit were considered.

426695

10. There was consensus among the Select Board that the most troubling issue was that the plaintiff had discussed confidential police business with non-police personnel in a public place.

11. There was consensus that this matter should not be put in the non-reappointment letter for fear that it would lead to further disclosure of confidential information.

12. I have personal knowledge that after the Town and the plaintiff reached an agreement regarding her reappointment to this position in November, 2003 that the plaintiff remained as the police secretary until June 30, 2005 when she made a voluntary decision to leave this position.

13. I have personal knowledge that the plaintiff never lost any time or pay in her position as police secretary as a consequence of our original decision not to reappoint her in July, 2003.

Signed under the pains and penalties of perjury this 27th day of April, 2006.

Christopher Morris

426695