UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:03-CV-30314-MAP

| | |
|---|---|
| KAREN KAROWSKI,<br>    Plaintiff | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| ERIC CERRETA, DAVID HASKELL,<br>CHRISTOPHER MORRIS, and<br>THE INHABITANTS OF THE TOWN OF<br>WILLIAMSBURG,<br>    Defendants | ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF ERIC CERRETA

I, Eric Cerreta, first being duly sworn, do hereby depose and say:

1.    At all times relevant to this action, I was an elected member of the Board of Selectmen for the Town of Williamsburg and acted as that Board's chairperson.

2.    In my capacity as chairperson of the Select Board, I was aware of several concerns regarding the plaintiff's activities as police secretary.

3.    The police secretary is a one year appointed position and the Board of Selectmen is responsible for the decision about whether or not to reappoint.

4.    In my capacity as a Select Board member, I had spoken personally with the Chief about the Board's dissatisfaction with the plaintiff speaking on behalf of the Police Department at Finance Committee meetings.

5.    I was also aware and most concerned about the fact that the plaintiff had talked about an arrest made in town in a public place and with non-police personnel.

6.    I was aware that there was a town custodian leaving his job because he could not work with the plaintiff.

7.    I had personally received complaints from police officers that if they did not want information to be talked about, they should not discuss the subject in front of the plaintiff.

8.    I have personal knowledge that the Chief had received criticism regarding the plaintiff prior to July 1, 2003 and took no action to correct it.

9.    I was present when Christopher Morris presented a draft of the letter stating that the Board of Selectmen had decided not to reappoint the plaintiff to the position of police secretary.

10.    The Select Board discussed and considered all of the aforementioned reasons before reaching a decision about not reappointing the plaintiff.

11.    There was general consensus on the Board that the single most important reason for not reappointing the plaintiff had to do with her impropriety in discussing confidential police information.

12.    The Select Board was concerned about mentioning the plaintiff's public discussion of confidential police information in its July 10, 2003 letter for fear that it would lead to further disclosure of confidential information.

13.    I have personal knowledge that despite the July 10 letter, the plaintiff never lost any time from her job as police secretary and remained in that position until June 30, 2005 when she voluntarily resigned.

Signed under the pains and penalties of perjury this 27 day of April, 2006.

_____
Eric Cerreta