THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

Western Division
Civil Action No.  3:03-cv-30314-MAP

------------------------------------

KAREN KAROWSKI, Plaintiff,

v.

ERIC CERRETA, DAVID HASKELL, CHRISTOPHER MORRIS, and THE
INHABITANTS OF THE TOWN OF WILLIAMSBURG, Defendants.

===========================================================

VERIFIED AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

===========================================================

The Plaintiff, Karen Karowski (Karowski), makes oath
and deposes that the following statements are true,
accurate and complete to the best of her knowledge and
belief:

PARTIES.

1.  Karowski resides and is domiciled in the Defendant
    Town of Williamsburg, a municipality in Hampshire
    County, Massachusetts (Williamsburg).

2.  The Defendant, Eric Cerreta (Cerreta), resides and
    is domiciled in Williamsburg.

3.  The Defendant, David Haskell (Haskell), resides and
    is domiciled in Williamsburg.

4.  The Defendant, Christopher Morris (Morris), resides
    and is domiciled in Williamsburg.

EXHIBIT

A

JURISDICTION AND VENUE.

5.  The United States District Court has jurisdiction
    over this matter pursuant to 28 U.S.C. §1331 and 42
    U.S.C. §1983.

6.  The United States District Court has supplemental
    jurisdiction over related claims brought pursuant to
    the statutes and common law of the Commonwealth of
    Massachusetts according to 28 U.S.C. §1367.

7.  Venue lies in the Western Division of the United
    States District Court for the District of
    Massachusetts pursuant to Local Rule 40.1 because
    all parties reside in Hampshire County and all of
    the acts of which Karowski complains occurred in
    Hampshire County.

FACTS COMMON TO EACH COUNT.

8.  Karowski is a registered voter, public employee and
    elected official of Williamsburg.

9.  Since 1997, Karowski has held the position of Police
    Secretary for the Williamsburg Police Department.

10. The position of Police Secretary is not a policy-
    making position in Williamsburg; the Police
    Secretary performs administrative functions under
    the supervision of the Chief of Police.

11. Karowski has performed her duties as Police
    Secretary satisfactorily; before the Selectmen

2

decided not to reappoint her, she had not been
reprimanded or disciplined.

12. The Police Secretary does not work with Cerreta,
Haskell and Morris directly.

13. The Police Secretary position is currently a twenty-
five (25) hour per week position paying $13.70 per
hour.

14. Karowski also is the elected Treasurer of
Williamsburg. She has held that position for five
years.

15. Her official position of Treasurer obliges Karowski
to speak out at Town Meetings, at meetings of the
Board of Selectmen, and at other public functions
about the manner in which Cerreta, Haskell and
Morris (collectively, the Selectmen), acting in
their official capacity, have managed the financial
affairs of Williamsburg.

16. The Selectmen are the governing executive body of
Williamsburg, so that their actions as Selectmen
constitute the policy and practice of Williamsburg.

17. Karowski is and has been an elected member of the
Finance Committee of Williamsburg.

18. Her official position of Member of the Finance
Committee obliges Karowski to speak out at Town
Meetings, at meetings of the Board of Selectmen, and

at other public functions about budget proposals and
expenditures which the Selectmen make.

19. As a citizen and registered voter, Karowski has
voiced her opinion about positions the Selectmen
have taken concerning the Williamsburg Police
Department, including opposing the Selectmen's
position toward compensation of Williamsburg's only
full-time police officer, and the Selectmen's
position on the Quinn Bill.

20. None of the opinions or criticisms that Karowski
voiced has directly affected the terms and
conditions of her employment or were intended to
benefit her as an employee of Williamsburg.

21. During her tenure as an elected official, Karowski
has voiced public criticism of various positions the
Selectmen have taken, and of their financial
management of Williamsburg.

22. Before 2002, the Chief of Police had the authority
to hire and fire the Police Secretary.

23. Before 2002, the Chief of Police had hired and
maintained Karowski as the Police Secretary.

24. In 2002, the Selectmen redefined the position of
Police Secretary as one subject to annual
appointment by the Selectmen.

25.   On or about July 10, 2003, the Selectmen decided not to reappoint Karowski to the position of Police Secretary.

26.   A desire to punish Karowski and to retaliate against her for her public speech on matters of public concern motivated the Selectmen's decision not to reappoint her.

27.   Cerreta, Haskell, and Morris have engaged in a pattern and practice of retaliating against public employees and appointees who criticize their management of Williamsburg or who state that they had not voted for one of them.

28.   For example, in 2003, Cerreta, Haskell, and Morris delayed the appointment of two citizens to the Shade Tree Committee so that Haskell could assure himself that neither of the two had written any letters critical of the Board of Selectmen or its members.

29.   Cerreta, Haskell and Morris each decided not to reappoint Karowski because she had criticized and opposed positions each of them had taken concerning the financial management of Williamsburg.

30.   In a letter of July 10, 2003, executed by Cerreta, Haskell and Morris as Selectmen, they stated that their reason for not reappointing Karowski was her constant criticism of their decisions regarding

5

police business. A copy of the letter is attached
hereto, incorporated herein by reference and marked
as Exhibit A.

31. Cerreta based his decision not to reappoint Karowski
upon her criticism of the Selectmen's handling of
town financial matters, including, for example,
their lack of support for the Quinn Bill which she
voiced during recent Finance Committee meetings.

32. Morris based his decision upon his perception that
Karowski "relentlessly criticized" the Selectmen for
decisions they made as police commissioners.

33. Haskell found Karowski's criticism "unacceptable"
and said, "During the budget process she was
certainly less than enthusiastic about how we were
handling the budgets that are under her control."

34. At first, The Selectmen told Karowski that they
would permit her to continue in her position until a
replacement was appointed.

35. On or about November 3, 2003, after counsel for
Karowski contacted them about their unlawful
actions, the Selectmen reappointed Karowski to her
position as Police Secretary for the remainder of
its annual term.

36. The Selectmen have refused, neglected and declined
to eschew engagement in protected speech as a

6

criterion governing appointment or reappointment to a Town position.

37. The Selectmen, acting as the chief policy-making officials of the Town of Williamsburg, deliberately punished Karowski and others for having engaged in protected core political speech.

38. After the Selectmen did not reappoint Karowski, she retained counsel.

39. Acting by and through counsel, Karowski and the Selectmen agreed that she would not file a complaint immediately and that she would not ask for immediate injunctive relief as long as the Selectmen permitted her to continue to act as Police Secretary.

40. Shortly after Karowski retained counsel and threatened to bring legal action against the Selectmen, the Selectmen fabricated claims that Karowski had not performed her job appropriately or competently.

41. In fact, some of the incidents of which the Selectmen accused Karowski were incidents in which one or more of the Selectmen had participated, encouraged or caused.

42. Karowski's immediate supervisor, the Chief of Police, never had brought any inadequate,

inappropriate or incompetent job performance to Karowski's attention.

43. The Selectmen did not afford Karowski due process to contest the allegations against her.

44. Upon information and belief, the Selectmen fabricated the allegations of inadequate, inappropriate or incompetent job performance to retaliate against Karowski for having sought counsel and having threatened to seek redress through the Court.

### FIRST CLAIM FOR RELIEF

### (42 U.S.C. §1983)

45. Each of the defendants acted under color of state law to retaliate against Karowski and others for exercising their right to freedom of speech and petition protected by the First Amendment to the Constitution of the United States.

46. Each of the defendants acted under color of state law to retaliate against Karowski for expressing her opinions as a duly elected public official.

47. Cerreta, Haskell and Morris conspired, one with the other, to deprive Karowski and others of their civil rights guaranteed by the First Amendment to the Constitution of the United States.

48.  Cerreta, Haskell and Morris acting individually and together to retaliate against Karowski for attempting to exercise her right to free speech and petition, deprived Karowski of her right to due process guaranteed by the Fourteenth Amendment to the United States Constitution.

49.  By reason of the defendants' retaliation against her, Karowski was deprived of her civil rights guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

50.  By reason of the defendants' retaliation against her, Karowski has suffered the loss of liberty, has suffered emotional distress, has been prevented from transacting her business, and has suffered other and divers injuries.

SECOND CLAIM FOR RELIEF.

(G.L. c. 12, §§11H and 11I

51.  The plaintiff repeats and realleges the averments contained in paragraphs one through forty-five as if they were fully set forth herein, and further says that:

52.  The Selectmen, and each of them, used and continue to use their power of appointment to threaten, intimidate and coerce Karowski and others similarly situated to prevent them from exercising their

9

rights of free speech and petition protected by
Articles XVI and XIX of the Declaration of Rights to
the Constitution of the Commonwealth.

53.  By reason of the defendants' retaliation against
her, Karowski has suffered the loss of liberty, has
suffered emotional distress, has been prevented from
transacting her business, and has suffered other and
divers injuries.

**WHEREFORE**, the Plaintiff prays the Court to enter
judgment against the defendants, jointly and severally,
as follows:

A. Issue Preliminary and Permanent Injunctions against
the defendants forbidding them to:

1. refuse to appoint or to refuse to reappoint a
Town employee because that Town employee has
engaged in protected political speech;

2. retaliate against any public employee or
appointee who speaks out publicly in opposition
to the Selectmen about matters of public concern;

B. Award such compensatory damages against each defendant
individually and in their official capacities as the
Court may deem appropriate;

C. Find that Cerreta, Haskell and Morris acted
maliciously and egregiously to deprive Karowski of her
civil rights;

10

D. Award punitive damages in such amount as the Court shall deem appropriate against Cerreta, Haskell and Morris individually;

E. Award such attorneys fees, interest and costs that the Court shall deem appropriate against the defendants individually and in their official capacities.

F. Grant such other and further relief as the Court may deem just.

Signed under the pains and penalties of perjury, this twenty-ninth day of December, 2003, at Northampton.

The Plaintiff,
Karen Karowski

*[signature: Karen Karowski]*

Signed at Northampton, this twenty-ninth day of December, 2003.

The Plaintiff, Karen Karowski,
By Her Attorneys

*[signature]*

Harry L. Miles, for
*Green, Miles, Lipton & Fitz-Gibbon*
77 Pleasant Street, P.O. Box 210
Northampton, MA 01061-0210
Voice:    413.586.8218
Fax:      413.584.6278
Email:    harrymiles@aol.com
BBO#:     345800

DEMAND FOR JURY TRIAL.

The plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,
The Plaintiff by her Attorney

Harry L. Miles, for
*Green, Miles, Lipton & Fitz-Gibbon*
77 Pleasant Street, P.O. Box 210
Northampton, MA 01061-0210
Voice:      413.586.8218
Fax:        413.584.6278
BBO#:       345800

**Exhibit "A"**



*Commonwealth of Massachusetts*

# *Town of Williamsburg*

*141 Main Street, P. O. Box 447*
*Haydenville, Massachusetts 01039-0447*

*Tel: (413) 268-8400*                                           *Fax: (413) 268-8409*

July 10, 2003

Ms. Karen Karowski
94 Old Goshen Road
Williamsburg, MA 01096-9707

Dear Karen:

   We write to inform you that the Select Board voted at its July 10th meeting not to re-appoint you as Police Secretary. Despite being our appointee, you constantly criticize our board's decisions regarding police business. We do not believe it is appropriate for the Police Secretary or Administrative Assistant to relentlessly complain about the decisions the board members make in their capacity as Police Commissioners. We feel we need to fill the position with someone who can do the job without constantly attempting to undermine our authority.

   With the approval of Chief Archbald, you may continue in this position until a replacement is appointed, if you wish to do so.

                              Sincerely,

                              Eric P. Cerreta
                              Chairman, Board of Selectmen

                              Christopher S. Morris
                              Clerk, Board of Selectmen

                              David A. Haskell
                              Board of Selectmen

*The Town of Williamsburg is an Equal Opportunity Employer.*

## WILLIAMSBURG POLICE DEPARTMENT
## PERFORMANCE EVALUATION

----------------------------------------

## CONFIDENTIAL

----------------------------------------

**Evaluation Status:**

Name ___KAREN M. KAROWSKI___

Working Title___SECRETARY___

_____ 3 month
_____ 6 month
__X__ Annual ___1997___
         (year)

Anniversary Date___5/1/97___

### DEFINITION FOR RATING TO BE APPLIED:

| | | |
|---|---|---|
| 4 | SUPERIOR - | Accomplished all goals or performed all task and excels in a substantial manner |
| 3 | ABOVE AVERAGE - | Performs all task above departmental standards |
| 2 | GOOD - | Average performance; meets departmental standards |
| 1 | FAIR - | Below average performance but improving and potentially acceptable. |
| 0 | UNSATISFACTORY - | Many goals unrealized or many tasks not performed. |
| | NOT APPLICABLE - | Not applicable to job. |

----------------------------------------

| QUALITY AND QUANTITY OF WORK: | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Demonstrates knowledge of job | X | X | | | |
| B. Amount of work accomplished | X | | | | |
| C. Performs work with accuracy | X | | | | |
| D. Work is neat and presentable | X | | | | |
| E. Work is thorough | X | | | | |
| F. Organizes work appropriately | X | | | | |

----------------------------------------

**Supervisor's Comments:** This past year, Ms. Karowski has again proven to be a valuable asset to me, all the members of the department and the townspeople. She is often quick to offer taking on additional tasks and always completes assigned work on schedule. Her work is accurate at all times and is both neat and presentable. I am very pleased with Ms. Karowski's work in terms of both quality and quantity. Ms. Karowski is in the awkward and often difficult position of being a personal secretary to all the officers, I have never heard her complain. I have no concerns about giving her a project and the outcome being anything less than exceptional.

**Employee's Comments:**

**EXHIBIT**

B

| WORK HABITS: | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Is regular in attendance at work | | X | | | |
| B. Observes established working hours | X | | | | |
| C. Completes work on time | | X | | | |
| D. Demonstrates the ability to work without immediate supervisor | | X | | | |
| E. Complies with Departmental Policy and Procedures | | X | | | |
| F. Complies with instruction, rules and regulations, including health and safety precautions | | X | | | |

-------------------------------------------------------------------------------

**Supervisor's Comments:** Ms. Karowski is an employee who is a devoted and caring employee. She is sure to keep established working hours, being sure to check with her supervisors prior to any change in hours. On many occasions, I have asked for extra work from Ms. Karowski under demanding deadlines, she can be counted on to take on the additional responsibility and complete the task within the time needed. I have confidence in her work and do not feel close supervision is at all necessary. I trust Ms. Karowski fully to comply with department policies. I am not personally aware of her sharing any department business with persons outside the department and believe she is respectful of the confidentiality issues.

**Employee's Comments:**

| WORK ATTITUDE: | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Endeavors to improve work techniques | X | | | | |
| B. Accepts new ideas and procedures | | X | | | |
| C. Accepts constructive criticism and suggestions | | X | | | |
| D. Accepts responsibility | X | | | | |
| E. Exercises judgment | | X | | | |
| F. Adapts to emergency situations | | | N/A | | |

-------------------------------------------------------------------------------

**Supervisor's Comments:** Ms. Karowski is a professional with whom I trust acts in the best interest of the town and the department at all times. Her attitude about work in our community is rooted in the basic premise that all employees from all departments must work cooperatively to compensate for limited funds and other resources. I have found Ms. Karowski open to new ideas and procedures. She accepts constructive criticism without hesitation. She makes herself available to officers for computer technical assistance 24 hours a day. If Ms. Karowski feels an issue is not within her expertise or outside her authority, she is sure to call me or Corporal Graham to request assistance.

**Employee's Comments:**

| RELATIONSHIP WITH OTHERS: | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Works well with co-workers | | X | | | |
| B. Works well with the public | X | | | | |
| C. Cooperates with supervisors and other members of Town Government | X | | | | |
| D. Observes established channels of communications | | X | | | |

Supervisor's Comments:  Ms. Karowski works cooperatively with the police officers, other employees of the town and the general public. Over the past year, she has continued to develop a friendly but professional relationship with the officers and her supervisors. I have received no complaints from the public regarding the work of Ms. Karowski. She is very personable with others, with the ability to diffuse tense situations that arise in the police lobby on occasion. Ms. Karowski's local ties in the community have proven valuable to her job as well.


Employee's Comments:




| SUPERVISORY ABILITY (where applicable): | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Demonstrates leadership ability | | | | | |
| B. Makes timely decisions | | | | | |
| C. Is fair and impartial in relationship with subordinates | | | N/A | | |
| D. Trains and instructs subordinates | | | | | |
| E. Maintains acceptable performance standards among employees | | | | | |

Supervisor's Comments:




Employee's Comments:

**Comments of Departmental Supervisor who performed this evaluation:**

In many ways, I believe the hiring of Ms. Karowski to be one of the most positive
influences within the department in recent memory.  I have the utmost confidence
in her abilities to perform the requirements of the job.  I know that Ms. Karowski
works diligently for the betterment of the department and the town and I am very
pleased with her work.  Ms. Karowski meets all the needs of the officers and my-
self and I can ask nothing further from her, she is an excellent employee, performing
a difficult and stressful job.

---

**Recommendation:**

✓ Retention

_____ Dismissal

_____ No action required

_____ Other _____

_____     _____     6/15/98
        Signature              /    Title    /      Date

**Comments of Employee:**




_6-15-98_____     _Karen U. Karowski_
Date of Discussion with Employee   Signature of Employee Being Evaluated

**Comments of Appointing Authority/Select Board**








---

**Board Decision:**

✓ Retention

_____ Dismissal

_____ No action required

_____ Other _____

_____     _Chm.__  6-22-98
        Signature              /    Title    /      Date

# WILLIAMSBURG POLICE DEPARTMENT

## PERFORMANCE EVALUATION
-----------------------------------
### CONFIDENTIAL
-----------------------------------

Evaluation Status:

Name:  Karen Karowski

Working Title:  Admin. Asst.

Anniversary Date:  May 1997

_____ 3 month
_____ 6 month
_X__ Annual  2000
         (year)

## DEFINITION FOR RATING TO BE APPLIED:

| | | |
|---|---|---|
| 4 | **SUPERIOR** | Accomplished all goals or performed all tasks and excels in a substantial manner. |
| 3 | **ABOVE AVERAGE** | Performs all tasks above departmental standards. |
| 2 | **GOOD** | Average performance; meets departmental standards. |
| 1 | **FAIR** | Below average performance but improving, and potentially acceptable. |
| 0 | **UNSATISFACTORY** | Many goals unrealized or many tasks not performed. |
| | **NOT APPLICABLE** | Not applicable to job. |

| QUALITY AND QUANTITY OF WORK: | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Demonstrates knowledge of job | X | | | | |
| B. Amount of work accomplished | X | | | | |
| C. Performs work with accuracy | X | | | | |
| D. Work is neat and presentable | X | | | | |
| E. Work is thorough | X | | | | |
| F. Organizes work appropriately | X | | | | |

**Supervisor's Comments:**  This past year Ms. Karowski has again proven herself to be a valuable asset to the officers and the public.  She is in the very tenuous position of having a number of 'bosses' around her who can be directing her at any given time.  She is a quick learner who is always willing to take the extra step or make the extra effort to complete a project.  I find her to be a well-organized professional employee who is willing to assist whenever the need arises.  Just recently she offered to come to work during the evening hours to assist with office hours when it was determined that I would not be available.  I know that when given a task, Ms. Karowski will work hard to complete the task without having to be supervised.  She will attempt to answer questions as they arise, in the end producing a high quality product.

**Employee's Comments:**

*Chief Archbald is the kind of employer who makes 'going the extra mile' seem effortless.*

| WORK HABITS: | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Is regular in attendance at work | X | | | | |
| B. Observes established working hours | X | | | | |
| C. Completes work on time | | X | | | |
| D. Demonstrates the ability to work without immediate supervision | | X | | | |
| E. Complies with Departmental Policy and Procedures | | X | | | |
| F. Complies with instruction, rules and regulations, Including health and safety precautions. | | X | | | |

---

**Supervisor's Comments:** Ms. Karowski continues to be a devoted and caring public safety employee whose work habits are outstanding. She is certain to keep her established work schedule, requesting from me any changes no matter how small. She is someone I can trust to work diligently on a project until it is completed. With the relatively new Gun Laws and the associated paperwork, Ms. Karowski has done an outstanding job keeping track of pistol permits -- getting them completed and out to applicants as soon as she can. This past year she has worked on a federal grant as the recording secretary, filling in with many other duties as they have surfaced. She has never complained about taking on more duties. She has suggested taking home work on occasion and has been asked not to do that for fear it would interfere with her personal life. The suggestion is still appreciated. I have complete confidence in her ability to perform her duties. She has a strong work ethic, which benefits the Williamsburg community greatly.

**Employee's Comments:**

*The new gun laws have greatly affected my daily routine. Hopefully this will ease within the next year as people come into compliance.*

| WORK ATTITUDE: | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Endeavors to improve work techniques | X | | | | |
| B. Accepts new ideas and procedures | | X | | | |
| C. Accepts constructive criticism and suggestions | | X | | | |
| D. Accepts responsibility | X | | | | |
| E. Exercises judgment | | X | | | |
| F. Adapts to emergency situations | N/A | | | | |

---

**Supervisor's Comments:** On a number of occasions this year, Ms. Karowski has approached me or other officers in order to improve the inner workings of the department. She has told this supervisor a number of times that she enjoys her work for the department and it shows in her commitment. She is a positive influence on the officers in that she is willing to pull up her bootstraps and get work done when it is needed.

I have been, and continue to be, concerned about Ms. Karowski being overwhelmed by the inner political wrangling of the Town and persons to whom she does not agree. Her strong work ethic has given her many hats to wear and with more involvement has come much more information and therefore increased stress for her. This stress has influenced her relationship with me and the officers – **in terms of attitude only** – and this does concern me. I have spoken with Ms. Karowski about the increased tension in the station in hopes of

lessening the significance of these matters not related to the police department directly. It is important to this supervisor that she, and the officers in general, enjoy coming to work and have as little internal stress generated as possible.

It is too early to determine if any progress has been made in lessening the stress created from these matters. Overall, she is a positive, pleasant person who I enjoy working with – I know that she will work hard to correct any deficiencies.

**Employee's Comments:**

*Although difficult at times, I am making every effort to contain my frustration with the political goings on with the Selectboard outside the police station. Most of this frustration comes from the hurt and confusion with regard to a particular board member and his actions toward me.*

| RELATIONSHIP WITH OTHERS: | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Works well with co-workers | | X | | | |
| B. Works well with the public | X | | | | |
| C. Cooperates with supervisors and other members of Town Government | | X | | | |
| D. Observes established channels of communications | | X | | | |

**Supervisor's Comments:** Ms. Karowski is a personable employee who will make the extra effort to relate well with the public and new employees. I have received no complaints from the public regarding Ms. Karowski's work. She is prompt with her assignments, often using her strong organizational skills to keep things on tract. In last year's evaluation I noted that Ms. Karowski was finding herself too involved with "walk-in" reports from citizens. This year she has managed to solve this issue by simply taking the required contact information and passing the information on to the next available officer. This has proven to reduce stress on her and also given her more time to complete her other duties. Also last year an issue was raised by me regarding Ms. Karowski and her relationship with the janitorial staff person. This was resolved with the hiring of a person who is willing to complete the duties as needed.

**Employee's Comments:** *Once put into practice, it truly has made life easier not to get involved with walk-in problems. Although attentive to their needs and concerns, it usually is a matter that can only be handled by an officer.*

| SUPERVISORY ABILITY (where applicable): | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Demonstrates leadership ability | | | | | |
| B. Makes timely decisions | | | | | |
| C. Is fair and impartial in relationship with subordinates | | | N/A | | |
| D. Trains and instructs subordinates | | | | | |
| E. Maintains acceptable performance standards among employees | | | | | |

**Supervisor's Comments:**

**Employee's Comments:**

**Comments of Departmental Supervisor who performed this evaluation:** I am very fortunate to have Ms. Karowski as the department's administrative assistant. She is a dedicated, highly motivated and trusted employee who I count on daily to keep the department running smoothly. I am often impressed with her work; keeping the files in order, balancing the financial records, processing pistol permits, working with the computer, handling phone calls, keeping grant paperwork in order, taking meeting notes and filing reports. She is truly the hub of the department. I simply do not know how this department would run without her dedicated efforts. I am committed to keeping Ms. Karowski a contented employee and hope that she will continue to feel comfortable coming to me with any issues that she may have. I look forward to the next year and our working together.

---

**Recommendation:**

__✓__ **Retention**

_____ **Dismissal**

_____ **No action required**

_____ **Other** _____

_Paul T. O'Neil_                 _Chief_        _7/27/00_
    Signature                Title             Date

**Comments of Employee:** _I continue to enjoy my job w/ Chief Archibald and all the officers._

_8/2/00_

Date of Discussion with Employee         _Karen M. Karowski_
                                 Signature of Employee Being Evaluated

---

**Comments of Appointing Authority/Selectboard**

Thanks for your hard work – Chris McKlin

---

**Board Decision:**

_____ **Retention**

_____ **Dismissal**

_____ **No action required**

_____ **Other** _____

_____                _____         _____
      Signature                     Title               Date

## WILLIAMSBURG POLICE DEPARTMENT

### PERFORMANCE EVALUATION
-------------------------------
### CONFIDENTIAL
-------------------------------

Evaluation Status:

Name:        Karen Karowski

Working Title:     Administrative Assistant

Anniversary Date:

_____ 3 month
_____ 6 month
__X___ Annual 2001
          (year)

## DEFINITION FOR RATING TO BE APPLIED:

| | | |
|---|---|---|
| 4 | **SUPERIOR** | Accomplished all goals or performed all tasks and excels in a substantial manner. |
| 3 | **ABOVE AVERAGE** | Performs all tasks above departmental standards. |
| 2 | **GOOD** | Average performance; meets departmental standards. |
| 1 | **FAIR** | Below average performance but improving, and potentially acceptable. |
| 0 | **UNSATISFACTORY** | Many goals unrealized or many tasks not performed. |
| | **NOT APPLICABLE** | Not applicable to job. |

**QUALITY AND QUANTITY OF WORK:**

| | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Demonstrates knowledge of job | X | | | | |
| B. Amount of work accomplished | | X | | | |
| C. Performs work with accuracy | X | | | | |
| D. Work is neat and presentable | X | | | | |
| E. Work is thorough | X | | | | |
| F. Organizes work appropriately | X | | | | |

**Supervisor's Comments:** Over the last few years Karen has become an invaluable member of this department. She has a vast knowledge of the job, being able to complete just about any task that is handed to her. I am satisfied with the amount of work she accomplishes. It can be difficult as her supervisor to determine how much work to give to Karen because both her jobs (police and treasurer) are so intermingled. One moment she is wearing her treasurer's hat, the next minute, her police hat. I feel confident that Karen keeps busy and I am very pleased with her efforts and the orderly fashion in which she completes her work. I often put Karen in the position of completing task under difficult time constraints and she performs admirably. Her most impressive skill is that of well-defined organization. She is very good at filing important paperwork and keeping track of records, letters and other court documents.

**Employee's Comments:** I feel that during this past year, my various positions have settled into their own and are functioning on a more effective level for myself and others.

**WORK HABITS:**

| | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Is regular in attendance at work | | X | | | |
| B. Observes established working hours | | X | | | |
| C. Completes work on time | X | | | | |
| D. Demonstrates the ability to work without immediate supervision | | | | | |
| E. Complies with Departmental Policy and Procedures | | X | | | |
| F. Complies with instruction, rules and regulations, Including health and safety precautions. | | X | | | |

---

**Supervisor's Comments:** Karen is an employee who is certain to keep track of her hours and certain to abide by them. I often will call Karen after her normal hours just hoping to "catch her in the office". On many occasions, I have found her at the office well after her normal hours. Karen is also one to volunteer to complete task well after her normal work day. Whether it is a special event that is community police or DARE related or simply a task that needs to be completing for a grant filing, Karen has been willing to do the work. I can trust Karen to take on a task and complete it without needing to check on progress. She needs little supervision. Karen complies with all departmental policies and practices.

**Employee's Comments:** I feel that this open exchange during non-working hours is a fair exchange for the flexibility of a part-time job so close to home that enables me to participate in many of these events which my own children are able to participate

**WORK ATTITUDE:**

| | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Endeavors to improve work techniques | | X | | | |
| B. Accepts new ideas and procedures | | | X | | |
| C. Accepts constructive criticism and suggestions | | | X | | |
| D. Accepts responsibility | | X | | | |
| E. Exercises judgment | | | X | | |
| F. Adapts to emergency situations | | | N/A | | |

---

**Supervisor's Comments:** Karen is an employee who is often looking to make operations work more smoothly and efficiently. A number of times each year Karen will come to me with suggestions on how she or the officers can improve the inner workings of the department. Karen has a strong grasp of the computer systems in the department (ex. IMC records to Boston and COPS office filings) and has used her knowledge of office workings and technology to improve the department. I have made suggestions to Karen on how she can work better with officers and she has accepted those tips. I have found Karen willing to accept additional duties and responsibilities when needed. Karen has used good judgment in those circumstances (re: police calls to the PD) when she has to make decisions without the assistance of Sgt. Graham or myself.

**Employee's Comments:**

Always a work in progress.

| RELATIONSHIP WITH OTHERS: | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Works well with co-workers | | | X | | |
| B. Works well with the public | | | X | | |
| C. Cooperates with supervisors and other members of Town Government | | | X | | |
| D. Observes established channels of communications | | X | | | |

**Supervisor's Comments:** In this area more than any other Karen has improved. As has been stated in this yearly evaluations in the past, it is acknowledged that Karen has a number of "bosses". Each of the officers can be placing request upon Karen at any time, unaware of her other duties. Karen deals with this difficulty in a mature and responsible manner. I have spoken with Karen about focusing on police-related duties when the full-time officer is in the office and it is my understanding this request is being followed by Karen. I have received no complaints about Karen and her relationship with other members of Town Government. Karen observes the established lines of communication, being sure to speak with Sgt. Graham or myself on important matters. I fully trust Karen to keep confidential information private.

**Employee's Comments:**

*I agree that the internal day to day business is running much to my satisfaction and the officers'*

| SUPERVISORY ABILITY (where applicable): | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Demonstrates leadership ability | | | | | |
| B. Makes timely decisions | | | | | |
| C. Is fair and impartial in relationship with Subordinates | | | | | |
| D. Trains and instructs subordinates | | N/A | | | |
| E. Maintains acceptable performance standards among employees | | | | | |

**Supervisor's Comments:**


**Employee's Comments:**


**Comments of Departmental Supervisor who performed this evaluation:**

Karen is an experienced , well-rounded employee with whom I fully trust to complete the duties of administrative assistant. At the most basic level, Karen takes great pride in all that she does because she cares deeply about the town. She is a detailed person who has high standards of compliance with rules and regulations, believing that they exist for a reason....to be followed. For this, I am very grateful to her. She has needed to point out to me on a number of occasions that I cannot do things the way I want because it violates one rule or another. It can be frustrating at times because the rules seem petty — but I respect her for keeping me and this department at this high

standard of compliance. I hope that Karen will keep open lines of communication with me, even if the topic can sometimes be difficult. Karen is a focused person who will sometimes keep her difficulties to herself so as not to trouble me or the department. It is my hope she will share all matters that concern the office. It is important to me that she be happy in her work.

She is a friendly presence in the office and I look forward to her continued work in the future.

------------------------------------------------------------

**Recommendation:**

__X__ Retention
_____ Dismissal
_____ No action required
_____ Other _____

Signature          Title    chief    Date 7/28/01

**Comments of Employee:**

*Once again, thank you for the confidence you have shown. We seem to have a lot of the same work ethics and expectations which is a contributing factor in how well we work together.*

10/2/01
Date of Discussion with Employee

Karen M. Karowski 10/2/01
Signature of Employee Being Evaluated

------------------------------------------------------------

**Comments of Appointing Authority/Selectboard**

*Good job, Karen —* Christine J. Mari

------------------------------------------------------------

**Board Decision:**

✓ Retention
_____ Dismissal
_____ No action required
_____ Other _____

Signature    Title Chair, Select Board    Date May 21, 2002

## PERFORMANCE EVALUATION

-------------------------------------------
### CONFIDENTIAL
-------------------------------------------

Evaluation Status:

Date:       July 2, 2004

Name:      Karen Karowski

Working Title:    Administrative Assistant

Anniversary Date:

_____ 3 month
_____ 6 month
__X___ Annual 2003
        (year)

### DEFINITION FOR RATING TO BE APPLIED:

| | | |
|---|---|---|
| 4 | **SUPERIOR** | Accomplished all goals or performed all tasks and excels in a substantial manner. |
| 3 | **ABOVE AVERAGE** | Performs all tasks above departmental standards. |
| 2 | **GOOD** | Average performance; meets departmental standards. |
| 1 | **FAIR** | Below average performance but improving, and potentially acceptable. |
| 0 | **UNSATISFACTORY** | Many goals unrealized or many tasks not performed. |
| | **NOT APPLICABLE** | Not applicable to job. |

| QUALITY AND QUANTITY OF WORK: | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Demonstrates knowledge of job | X | | | | |
| B. Amount of work accomplished | | X | | | |
| C. Performs work with accuracy | X | | | | |
| D. Work is neat and presentable | X | | | | |
| E. Work is thorough | X | | | | |
| F. Organizes work appropriately | X | | | | |

-------------------------------------------------------------------------------------------------------

**Supervisor's Comments:** Karen has been a valuable member of this department for a number of years now. With each year she has gained more knowledge, becoming more valuable to me and the officers. She retains procedures and knowledge of the job, being able to complete task as required. I often put Karen in the position of completing task under difficult time constraints and she has performed admirably. Her most impressive skill is that of well-defined organization. She is very good at filing important paperwork and keeping track of records, letters and other court documents.

**Employee's Comments:**

*Thank you.*

| WORK HABITS: | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Is regular in attendance at work | | X | | | |
| B. Observes established working hours | | X | | | |
| C. Completes work on time | X | | | | |
| D. Demonstrates the ability to work without immediate supervision | | | | | |
| E. Complies with Departmental Policy and Procedures | | X | | | |
| F. Complies with instruction, rules and regulations, Including health and safety precautions. | | X | | | |

---

**Supervisor's Comments:** Karen is an employee who is regular in her work and will offer to come in 'off hours' if important task need attention. I have called Karen after her normal hours to either get an answer on something or complete a task. She is always willing to help out when she can. Karen will offer to volunteer to complete task when she feels that help is needed. She requires little supervision and complies with all departmental policies and practices.

**Employee's Comments:**

*Thank you.*

| WORK ATTITUDE: | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|
| A. Endeavors to improve work techniques | | X | | | |
| B. Accepts new ideas and procedures | | | X | | |
| C. Accepts constructive criticism and suggestions | | | X | | |
| D. Accepts responsibility | | X | | | |
| E. Exercises judgment | | | X | | |
| F. Adapts to emergency situations | | | N/A | | |

---

**Supervisor's Comments:** Karen is an employee who looks to make things more streamline (or organized) if she can. She will suggest how she or officers can improve the inner workings of the department. Karen has been charged with producing monthly budget reports and she had tried to do so but more consistency is still needed in this area. Although improved over the years, more progress is needed in the area of communication and budget with Sgt. Graham and I. Karen continues to used good judgment in those circumstances (re: persons into the PD to file a complaint) when she has to make decisions without officer help.

**Employee's Comments:**

*I do think the budget process and reporting went better this year than in the past, but with as many accounts as we have (and grants) the year-end process can be difficult. More "sit down" sessions with you and Sgt. Graham beginning in April or May would be helpful.*

| RELATIONSHIP WITH OTHERS: | 4 | 3 | 2 | 1 | 0 |
|---|---|---|---|---|---|

| | | |
|---|---|---|
| A. Works well with co-workers | | X |
| B. Works well with the public | | X |
| C. Cooperates with supervisors and other members of Town Government | | X |
| D. Observes established channels of communications | X | |

-----------------------------------------------------------------------

**Supervisor's Comments:** Officers speak well of their relationship with Karen and I have received no complaints from the public about her work in the department. I have spoken with Karen about focusing on police-related duties in the office and it is my understanding this is being followed more readily. Karen understands it is important that when she is at the Police Department that the focus of her time be on police department task. Karen observes the established lines of communication, being sure to speak with Sgt. Graham or myself on important matters. I trust Karen to keep confidential information to herself.

**Employee's Comments:**

Although there were several unplanned disruptions during the year (reappointment, loss of Officer Laurin, loss of Custodian and a painting crew), as always, we all pulled together and it was a successful year in my mind. Thanks again for all your support.

**SUPERVISORY ABILITY (where applicable):    4    3    2    1    0**

A. Demonstrates leadership ability
B. Makes timely decisions
C. Is fair and impartial in relationship with
   Subordinates                                                            N/A
D. Trains and instructs subordinates
E. Maintains acceptable performance standards
   among employees

-----------------------------------------------------------------------

**Supervisor's Comments:**




**Employee's Comments:**




**Comments of Departmental Supervisor who performed this evaluation:**

Karen is a well-rounded employee with whom I trust to complete the duties of administrative assistant. At the most basic level, Karen takes great pride in her work because she cares about the town and the department and doing a good job. She is a detailed person who has a high standard of compliance with rules and regulations. It is my hope that Karen will keep open lines of communication, even if the topic can sometimes be difficult. It is my hope she will share all concerns/matters that relate to her position in the office. She is a friendly presence and I look forward to her continued work in the future.

-----------------------------------------------------------------------

**Recommendation:**

__X__ Retention
_____ Dismissal
_____ No action required
_____ Other _____

_John T. Cael_     Chief     7/6/04
     Signature          Title          Date

**Comments of Employee:**

*I look forward to the coming year.*

_____     _Karen M. Kasowski_
Date of Discussion with Employee     Signature of Employee Being Evaluated

**Comments of Appointing Authority/Selectboard**

----------------------------------------------------------------------

**Board Decision:**

_____ Retention
_____ Dismissal
_____ No action required
_____ Other _____

_____     _____     _____
     Signature          Title          Date