```
          THE UNITED STATES DISTRICT COURT FOR
              THE DISTRICT OF MASSACHUSETTS

                      Western Division
            Civil Action No.:  03-cv-30314-MAP

          ------------------------------------

               KAREN KAROWSKI, Plaintiff,

                            v.

    ERIC CERRETA, DAVID HASKELL, CHRISTOPHER MORRIS, and THE
      INHABITANTS OF THE TOWN OF WILLIAMSBURG, Defendants.
```

================================================================

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

================================================================

INTRODUCTION.

This matter comes before the Court on Plaintiff's complaint that the individual defendants and the Town of Williamsburg[1] retaliated against her for publicly criticizing various decisions of the defendants as the Select Board of the Town, thus depriving her of her rights to freedom of speech, petition and due process guaranteed by the First and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. 1983. See, Verified Complaint, ¶¶26, 30, 40, 43.

---

[1] The defendants assert that the plaintiff has not made out a *Monell* claim against the Town of Williamsburg. See, Defendant's Memorandum of Law in Support of Their Motion for Summary Judgment, at 1, n.1. However, the plaintiff has claimed that the executive of the Town, the individual defendants sitting as its Select Board, retaliated against her because of her constitutionally protected speech criticizing the Select Board's decisions. See, Verified Amended Complaint, ¶¶16, 26, 27.

LEGAL ARGUMENT

**1.  The Plaintiff Is Entitled To Summary Judgment, Or, In The Alternative, To A Denial Of The Defendant's Motion For Summary Judgment, On The Issue That The Plaintiff's Criticism Of The Decisions Of The Select Board, Voiced At Finance Committee Meetings Or In Town Meetings Or In Her Capacity As The Town Treasurer Constitutes Core Political Speech Protected By The First Amendment To The United States Constitution.**

A.   The Standard.

The primary object of the First Amendment to the United States Constitution is the protection of core political speech. *McConnell v. Federal Election Commission*, 540 U.S. 93, 264, 124 S.Ct. 619, 729, 157 L.Ed.2d 491 (2003), Scalia, J., dissenting. The protection of core political speech assures the widest possible dissemination of information from diverse and antagonistic sources. *New York Times Company v. Sullivan,* 376 U.S. 254, 270, 84 S.Ct. 710, 721 11 L.Ed.2d 686 (1964). The Court should consider this case against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials. See *Terminiello v. Chicago*, 337 U.S. 1, 4, 69 S.Ct. 894, 93 L.Ed. 1131 (1949); *De Jonge v. Oregon*, 299 U.S. 353, 365, 57 S.Ct. 255, 81 L.Ed. 278 (1937). The First Amendment protects even such unpleasantness as cross-burning. *Virginia v. Black,*

538 U.S. 343, 345, 123 S.Ct. 1536, 1540, 155 L.Ed.2d 535 (2003). Therefore, this Court should subject to exacting scrutiny those governmental acts which tend to restrict core political speech.

B.   The plaintiff's criticism of the decisions of the Select Board constituted "core political speech."

The ability to denounce public officials and their acts is the core of the Constitution's protection. See, *New York Times Co. v. Sullivan, supra.; Majors v. Abell*, 361 F.3rd 349, 355 (7th Cir. 2004), Easterbrook, J., dissenting. The defendants refused to reappoint the plaintiff to an administrative job as the police secretary because she engaged in "relentless criticism" of the defendants' decisions about budgets that were under her control as Town Treasurer, decisions they made in their capacity as police commissioners, their lack of support for the Quinn Bill, and the general financial management of the Town. See, Letter of July 10, 2003, attached to the Verified Amended Complaint as Exhibit A. Therefore the category of speech against which the defendants retaliated occupies the core of the protection afforded by the First Amendment. Cf., *Rossignol v. Voorhaar*, 316 F.3d 516, 521 (4th Cir. 2003). Both the expression of a desire for political change and a discussion of the merits of the proposed change are core political speech. Strict scrutiny is appropriate. See, e.g., *Ridley v. Mass. Bay Trans. Auth.*, 390 F.3rd 65, 86 (1st Cir. 2004) [Court should be

especially wary of viewpoint discrimination when the communications reflect core political speech.]

In this case, the defendants declined to reappoint the plaintiff to her position as a town employee because of her criticism of their decisions involving a variety of public concerns. Thus, the plaintiff's expression constitutes core political speech which entitles it to the greatest protection.

C.   Time, place, manner and means.

The defendants seek shelter behind the proposition that a person who engages in core political speech must identify himself or herself or the capacity in which the person speaks. Defendants' Memo, at 4-5. The argument is spurious.

First, the defendants cite no authority for the proposition. In fact, the United States Supreme Court has rejected the proposition that a governmental body may outlaw anonymous core political speech. See, *Yes for Life Political Action Comm. v. Webster,* 74 F.Supp.2nd 37, 41 (D.Me. 1999), citing, *McIntyre v. Ohio Elections Comm'n,* 514 U.S. 334, 115 S.Ct. 1511, 131 L.Ed.2nd 426 (1995). If a governmental body cannot require a person to identify himself or herself when that person engages in core political speech, then the defendants cannot require the plaintiff to state the capacity in which she speaks. However, the defendants' argument is nothing more than smoke and mirrors. The defendants objected to critical

statements the plaintiff made during Finance Committee meetings. She made those statements at various public functions as a member of the Finance Committee or as the duly elected Town Treasurer or as a private citizen and voter. See, Verified Amended Complaint, ¶¶18, 19, 21. If she were called upon to provide information to the Finance Committee as the Town Treasurer or as the police secretary, she would identify the role in which she provided the information. See, Depo., Karowski, at 102-107. Thus, she provided more information than the law requires; the defendants have no ground for complaint.

Second, the defendants admit that they complained to the plaintiff's direct supervisor, Patrick Archbald, the Chief of Police. Chief Archbald understood that the defendants expected him to take some action upon their complaint. Defendants' Memo, at 5. However, he determined that the plaintiff's actions had no significant effect upon the functioning of the police department, and so he declined to restrict her speech. Defendants' Memorandum, at 5. See, also, Depo, Chief Archbald, at 36-37, 39. The conduct to which the defendants objected took place outside the police station. The defendants left the Chief with the understanding that the plaintiff had expressed the criticism to which they objected as a member of the Finance Committee at Finance Committee meetings. Depo., Chief Archbald, at 41-42. There could hardly be a more protected and less

offensive place to express opinions on matters of public concern adverse to a Select Board's position than at Finance Committee meetings.

Therefore, the plaintiff is entitled to summary judgment on the first two prongs of the *Connick/Pickering* test: the speech was on matters of public concern, and the speech did not interfere with the functioning of the police department where the plaintiff was employed. *Connick v. Myers,* 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Pickering v. Bd. Of Ed. of Township H.S. Dist.,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); *Baron v. Suffolk County Sheriff's Dept.,* 402 F.3d 225, (1st Cir. 2005) ["Not every First Amendment inquiry requires a full *Connick* inquiry into form and context, however. There are some situations where public interest will be apparent from the content of the speech alone."] *Mihos v. Swift*, 358 F.3rd 91, 102 (1st Cir. 2004). In this case, the plaintiff spoke at public meetings about budgets, legislation that affected the compensation of police officers, and other matters totally divorced from her working conditions or compensation. These were matters of public concern.

On balance, the plaintiff's speech and the interest of the public in plaintiff's speech outweighs the interest of the Town, as an employer, in promoting the efficiency of the public services it performs through its employees. *Pickering, supra.,*

*Mihos, supra.* The defendants cannot point to any disruption in the efficiency of public services as a result of plaintiff's speech. In fact, the plaintiff's direct supervisor recommended her for retention in each of the evaluations he performed, and the defendants recommended her for retention in all but the last evaluation that was performed. See, Evaluations. Therefore, if the defendants refused to reappoint the plaintiff in a retaliatory fit of pique because she disagreed with their financial administration of the Town, and wished to punish her, the defendants would have no legitimate governmental interests on their side of the scale. Indeed, the defendants' true motive in refusing to reappoint the plaintiff is a core issue in this case. *Mihos, supra.,* at 102.

In the alternative, this Honorable Court should deny the defendants' motion for summary judgment.

**2.  A Reasonable Trier Of Fact Could Find That The Plaintiff's Protected Speech Was The Substantial Or Motivating Factor In The Defendants' Decision To Refuse To Reappoint Her.**

The parties dispute a genuine issue of material fact. The defendants claim that the defendants were aware of and that they considered various infractions when they decided to refuse to reappoint the plaintiff as a public employee. A reasonable trier of fact could find that the defendants may have been aware of the material that they claim influenced their decision, but that they did not consider it. The chronology of the defendants'

claim that they considered various infractions in making their decision arouses suspicion that they fabricated their alleged considerations to protect themselves after the plaintiff threatened to sue them.

The alleged "activities" which supposedly influenced the defendants not to reappoint the plaintiff consist of: an alleged breach of confidentiality; allegedly performing other Town business and non-official business at the police station[2]; being known by police officers as a gossip who would disclose confidential information. Defendants' Memo at 7. However, as the defendants aptly observe in their Memorandum, at 7, they did not state any of these reasons in their letter of July 10, 2003, informing plaintiff of their refusal to reappoint her. The defendants claim that they did not insert the breach of confidentiality issue into the letter "for fear that it would lead to further disclosure of confidential information." See, Defendant's Federal Rule 56.1 Statement of Undisputed Facts, Exh. A, B, C. This position makes no sense. The defendants never investigated the matter to determine whether or not the incident occurred; they referred it to the Chief and then disregarded his conclusion that no breach of confidentiality had occurred. The defendants do not elaborate on how further disclosure could have happened. This position, however, does allow the inference that

---

[2] The plaintiff denies that she performed non-official business at the police station. Plaintiff's affidavit, at 3, ¶10; Schmidt's affidavit.

the defendants, desperately seeking some explanation of their conduct, fabricated it as an excuse.

**3. Because A Reasonable Trier Of Fact Could Find That The Defendants Intentionally And Deliberately Retaliated Against The Plaintiff Of Her Right To Freedom Of Speech And Petition Guaranteed By The First Amendment To The United States Constitution And Her Right To Both Substantive And Procedural Due Process Guaranteed By The Fourteenth Amendment To The United States Constitution, The Defendants Are Not Entitled To Qualified Immunity.**

The defendants admit that the plaintiff had the right to speak on issues of public concern without fearing retaliation from them. Defendants' Memo, at 8. The right to speak on issues of public concern without governmental retaliation has been enshrined in our law since the Constitutions of the Commonwealth and of the United States. There can be no more clearly established right. Therefore, the defendants seek refuge in the thought that they are protected from the consequences of their actions unless they were "plainly incompetent or knowingly violated the law." Defendant's Memo, at 7. The plaintiff suggests that the undisputed facts demonstrate that the defendants fall afoul of both prongs of the test.

It is undisputed that the only reason the defendants advanced publicly for their refusal to reappoint the plaintiff was her public criticism of their decisions on certain issues. See, the letter of July 10, 2003, attached as Exhibit A to plaintiff's Verified Amended Complaint. Those issues included,

but were not limited to: the Select Board's unheralded decision to withdraw from the town meeting warrant an article concerning the Quinn Bill, and the Select Board's unheralded decision to withdraw from the town meeting warrant an article concerning the library. These are two examples of a common pattern with which the plaintiff disagreed. See, plaintiff's aff., at 1-2, ¶¶4-6. This is the type of criticism to which the plaintiff subjected the defendants.

It is also undisputed that the defendants secretly accused the plaintiff of having disclosed confidential information about an on-going police investigation. The defendants referred the matter to the Chief who exonerated the plaintiff and took no action against her. Apparently, the defendants did nothing further to investigate the truth or falsity of these serious allegations. Had the plaintiff indeed disclosed confidential information about an on-going investigation and a criminal defendant, she would have committed a crime. G.L. c. 6, §178. The plaintiff was entitled to present her version of the events to the defendants. They gave her no opportunity. Despite these undisputed facts, the defendants now claim that the plaintiff's unproven, uninvestigated, and nonexistent breach of confidentiality was the major reason for the defendants to refuse to reappoint her.

A reasonable trier of fact could find that on these facts and others set forth in plaintiff's Rule 56.1 Statement, the defendants deliberately and intentionally retaliated against the plaintiff for speaking out as an elected official on matters of public concern. That makes the defendants either plainly incompetent or intentional violators of the law. That deprives them of any claim to qualified immunity. *Mihos, supra.*

The *Wagner* and *Dirrane* cases are inapposite. See, Defendants' Memo, at 7. Here, no one asserts that the plaintiff complained about the terms and conditions of her employment or about matters restricted to her employment as police secretary. Rather, everyone admits that her criticism of the defendants encompassed the Town budget, their method of governance, and other issues of general public concern. This case is much more closely aligned with *Mihos, supra.; Jordan v. Carter*, 428 F.3rd 67, 75 (1st Cir. 2005); and, *Hegarty v. Tortolano,* 2006 WL 721543 (D.Mass.) than it is with *Wagner, supra., and Dirrane, supra.* Therefore, the Court should deny defendants' motion for summary judgment on the issue of qualified immunity.

**4.  The Plaintiff Has A Right To A Hearing To Clear Her Name When The Defendants Create And Publicly Disseminate A False Impression About Her In Connection With Their Refusal To Reappoint Her To Her Position, The Due Process Clause Requires The Defendants To Provide The Plaintiff To Dispute The Allegations Against Her, And Their Failure To Provide The Plaintiff With That Opportunity Is Actionable Under 42 U.S.C. 1983.**

No one disputes that the defendants refused to reappoint the plaintiff to her position of police secretary. No one disputes that the defendants publicly disseminated the letter of July 10, 2003. No one disputes that the letter embarrassed the plaintiff and would have made it more difficult for her to get another municipal job. The defendants now claim that the plaintiff's alleged breach of confidentiality, a crime under Massachusetts law, supported their action. No one disputes that the defendants informed the Chief of the allegations and expected him to take action on them. No one disputes that the Chief decided not to act after he spoke with the plaintiff about the allegations.

Even where an employee has no property interest in continued employment, there are circumstances where a public employers decision to change the terms and conditions of the employee's employment may damage the employee's reputation to such an extent that the employee's liberty to seek another job is seriously impaired. The Due Process Clause requires that the employee be afforded an opportunity to clear her name. *Burton v. Town of Littleton,* 426 F.3rd 9, 14 (1st Cir. 2005). Contrast, *Metivier v. Connor,* 283 F.3rd 391, 392 (1st Cir. 2002).

**5.   The plaintiff has not advanced a claim pursuant to 42 U.S.C. §1985.**

The plaintiff has not advanced a claim pursuant to 42 U.S.C. 1985.

**6.   The defendants have deprived the plaintiff of her right to free speech and petition guaranteed by the Constitutions of the United States and of the Commonwealth by threat, intimidation or coercion, so that they are liable to her pursuant to G.L. c. 12, §§11H and 11I.**

The defendants misinterpret G.L. c. 12, §§11H and 11I. They claim that an action under this statute normally requires the plaintiff to show a threat of an actual or potential physical confrontation accompanied by a threat of harm. Defendants' Memo, at 12. That is wrong.

The Supreme Judicial Court has defined "coercion" as the application of such force, either physical or moral, as to constrain him to do against his will something he would not have otherwise done. *Davis v. Rennie,* 264 F.3rd 86, 111 (1st Cir. 2001), citing: *Planned Parenthood League of Mass., Inc. v. Blake,* 417 Mass. 467 (1994); *Redgrave v. Boston Symphony Orchestra,* 399 Mass. 93 (1987); *Batchelder v. Allied Stores Corp.,* 393 Mass. 819 (1985); and, *Bell v. Mazza,* 394 Mass. 176 (1985).

In this case, the defendants retaliated against the plaintiff for engaging in constitutionally protected speech. The goal of the interference inferably is to chill further behavior

of the disapproved sort. Therefore, the defendants have violated G.L. c. 12, §§11H and 11I. The Court should deny their motion for summary judgment with respect to the plaintiff's claim pursuant to that statute.

## CONCLUSION

This Honorable Court should deny the defendant's motion for summary judgment in its entirety and grant the plaintiff summary judgment on her claims that she engaged in constitutionally-protected speech and that her right to engage in discussion of matters of public concern outweighs any interest the defendants may have in efficient governance.

Dated at Northampton, May 30, 2006.

Respectfully submitted,
The plaintiff by her attorneys

/s/*Harry L. Miles*
Harry L. Miles, of
*Green, Miles, Lipton & Fitz-Gibbon LLP*
77 Pleasant St., P.O. Box 210
Northampton, MA 01061-0210
Voice:    413.586.8218
Fax:      413.584.6278
BBO#:     345800

I hereby certify that I have filed this document electronically so that notice will be sent to all counsel of record today, May 30, 2006.

/s/*Harry L. Miles*
Harry L. Miles