THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

Western Division
Civil Action No.:  03-cv-30314-MAP

-----------------------------------

KAREN KAROWSKI, Plaintiff,

v.

ERIC CERRETA, DAVID HASKELL, CHRISTOPHER MORRIS, and THE
INHABITANTS OF THE TOWN OF WILLIAMSBURG, Defendants.

===========================================================

SUPPLEMENTAL MEMORANDUM OF LAW ABOUT THE IMPACT OF *GARCETTI V.
CEBALLOS,* ____ U.S. ___, 126 S.CT. 1951, ____ L.Ed.2d ____ (2006)

===================================================================

INTRODUCTION.

This matter comes before the Court on the Defendants' Motion for
Summary Judgment. Pursuant to the Court's order, this memorandum
addresses the question: *Garcetti: Tsunami or Ripple,* as it impacts the
instant case.

RELEVANT FACTUAL BACKGROUND.

The plaintiff, Karen Karowski (Karowski) relies upon the facts
set forth in her initial Statement of Material Facts pursuant to Fed.
R. Civ. P., 56 and Local Rule 56.1. In particular Karowski repeats
that the defendants, the Town of Williamsburg and the individuals
who formed its Select Board, refused to reappoint her to the
position of police secretary because she had "relentlessly
criticized" various decisions they had made. See, Verified

1

Complaint, Exh. A, Letter of July 10, 2003, from the defendants to the plaintiff. The police secretary is an employee of the Town who has no role in making policy.

The plaintiff further claims that the defendants refused to reappoint her because she criticized the Select Board's decisions in public as an elected member of the Finance Committee of the Town or as the elected Town Treasurer.

Karowski did not utter her animadversions on the defendants' decisions as part of her duties as police secretary. She uttered them as a private citizen or as an elected public official.

THE LEGAL STANDARD AFTER <em>GARCETTI</em>

*Garcetti* left intact the *Connick* and *Pickering* foundation to actions to remedy governmental retaliation against a citizen for engaging in constitutionally-protected speech. *Connick v. Myers*, 461 U.S. 138, 150-52, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Pickering v. Bd. Of Ed. of Township H.S. Dist.,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). The two-pronged test remains: did Karowski speak as a citizen on a matter of public concern; and, do the defendants have an adequate justification for treating Karowski differently from any other member of the general public? *Garcetti, supra.,* at 1958-1959.

2

The only difference between the legal landscape before *Garcetti* and that after *Garcetti* concerned the analysis of when a public employee speaks as a citizen. The *Garcetti* majority held that "the controlling factor … is that [the public employee's] expressions were made pursuant to his duties as a calendar deputy. ('[The public employee] does not dispute that he prepared the memorandum 'pursuant to his duties as a prosecutor''). That consideration-- the fact that [the public employee] spoke as a prosecutor fulfilling a responsibility to advise his supervisor about how best to proceed with a pending case-- distinguishes [this] case from those in which the First Amendment provides protection against discipline. We hold that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."

ANALYSIS.

The defendants complain about admonitions which Karowski expressed to the public in various public *fora.* They do not complain about statements she made in the course of fulfilling any of her responsibilities as police secretary. In fact, the defendants assert that Karowski acted outside the scope of her

authority as police secretary; only the Chief could act as the
spokesperson for the police department.

Karowski's condemnations of the defendants' decisions at
Finance Committee meetings or as the Town Treasurer, are
expressions within the scope of her duties as an elected
official, not a public employee. However, they were not within
the scope of her duty as police secretary. *Garcetti's* facts do
not allow its application to Karowski's case.

As *Garcetti* rippled through the legal community, a number
of courts asked whether public employers had disciplined public
employees for statements which the employees' duties required
them to make. Those whose statements fell within the scope of
their duties suffered no constitutional deprivation; those whose
statements fell without the scope of their duties, did.
Contrast, *Kodrea v. City of Kokomo,* 2006 WL 1750071 (S.D.Ind.)
[Reports of co-employee misconduct not within the scope of
duties.] *with Logan v. Indiana Dept. of Corr.*, 2006 WL 1750583
(S.D.Ind.) [Health care administrator's report of serious
problems with inmate nursing care "made pursuant to" her duties;
not protected.] See, also: *Ryan v. Shawnee Mission Unified Sch.
Dist. No. 512,* 2006 WL 1888326 (D.Kan) [Speech unprotected].
*Hailey v. City of Camden,* 2006 WL 1875402 (D.N.J., unpublished)
[Speech at City Council meetings and to newspapers, protected.]

4

*Mills v. City of Evansville,* 2006 WL 1679408 (7th Cir.) [Police sergeant not protected against retaliation for criticism of Chief's plan.] *Bailey v. Dept. of Elem. and Sec. Ed.,* 2006 WL 1716151 (8th Cir.) [Mere concern over internal policies and practices of relevance only to employees of a particular agency not protected.] *Jensen v. Kelly,* 2006 WL 1849554 (9th Cir.Nev.) [Place of expression not dispositive.] *Wilcoxon v. Red Clay Cons. Sch. Dist. Bd. of Ed.,* 2006 WL 1793546 (D.Del.) [Public employee's expression on matters of public concern recorded in a private journal protected.] *Taylor v. Hall*, 2006 WL 1793603 (N.D.Ind.) [Employee grievances not protected.]

None of these opinions concerned a public employee who held two or more positions simultaneously; none concerned the power of a public employer to discipline a public employee who made statements to fulfill duties imposed by another agency or office.

Then, the Seventh Circuit decided *Fuerst v. Clarke*, 2006 WL 2074818 (7th Cir.), the most recent of the *Garcetti* progeny. In that case, the plaintiff was a deputy sheriff and the union president. The defendant was the sheriff. Judge Posner wrote:

> (Because Fuerst's comments that precipitated the
> adverse action taken against him were made in his
> capacity as a union representative, rather than
> in the course of his employment as a deputy
> sheriff--his duties as deputy sheriff did not
> include commenting on the sheriff's decision to

hire a public-relations officer--the Supreme
Court's recent decision in *Garcetti v. Ceballos,*
126 S.Ct. 1951 (2006), is inapposite.)

At least in the Seventh Circuit, the only one to have
considered the issue, the trial court must look to which hat a
multi-hatted employee is wearing. In the case at bar, Karowski
wore at least four hats: police secretary, Finance Committee
member, Town Treasurer and private citizen. As police secretary,
Karowski did not make policy. Her duties did not include
criticism of the Selectmen. Therefore, under *Fuerst*, Karowski's
expression on matters of public concern as a Finance Committee
member, Town Treasurer or private citizen did not fall within
her official duties and was constitutionally-protected. The
defendants could not retaliate against her as a public employee,
just as they could not retaliate against any other member of the
public, who voiced matters of public concern about the police
department.

CONCLUSION.

*Garcetti* is inapposite and has no impact on the case at
bar.

Dated at Northampton, August 2, 2006.

Respectfully submitted,
The Plaintiff by her attorney
/s/*Harry L. Miles*
Harry L. Miles, of
*Green Miles Lipton & Fitz-Gibbon LLP*
77 Pleasant Street, P.O. Box 210
Northampton, MA 01061-0210
Voice:    413.586.8218; Fax:  413.584.6278
BBO#:    345800

Certificate of Service: I certify that I have filed this
document electronically so that it will be served upon all
counsel of record who have complied with the Court's orders
concerning electronic filing.

/s/ *Harry L. Miles*
Harry L. Miles

7