```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS


KAREN KAROWSKI,              )
Plaintiff                    )
                             )
              v.             ) CIVIL ACTION NO. 03-30314-MAP
                             )
ERIC CERRETA, ET AL.,        )
Defendants                   )
```

### MEMORANDUM AND ORDER REGARDING
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Dkt. No. 35)

November 22, 2006

PONSOR, D.J.

This is an action against three members of the Board of Selectmen of the Town of Williamsburg (only one of whom still serves), brought by the Town's former treasurer. Plaintiff alleges that Defendants failed to re-appoint her as a secretary to the Town's police department, based upon her protected speech criticizing Defendants. The complaint is in two counts under 42 U.S.C. § 1983 and Mass. Gen. Laws ch. 12 §§ 11H and 11I.

The Motion for Summary Judgment is hereby DENIED. With regard to the § 1983 claim, a reasonable jury could find that Plaintiff's speech involved matters of public concern, that the interests of Plaintiff (particularly given her position as Town treasurer and member of the Town's Finance Committee) outweighed any interests Defendants had in restricting her speech, and that her protected expression was, as Defendants'

own letter confirmed, a motivating factor in her non-renewal. See Pickering v. Bd. of Educ., 391 U.S. 563, 567 (1968). Disputed issues of fact with regard to whether Defendants would have reached the same decision about Plaintiff's re-appointment make summary judgment on this issue inappropriate. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977).

The court was initially inclined to deny the portion of Defendants' motion directed at the Massachusetts Civil Rights Act claim. However, after reviewing the decision of the Massachusetts Supreme Judicial Court in Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467 (1994), the court has reached a contrary conclusion. An action under the Massachusetts Civil Rights Act requires a level of coercion. Generally, this coercion must be physical, but moral coercion "to constrain [a plaintiff] to do against [her] will something [she] would not otherwise have done" may be sufficient. Id. at 474. The circumstances of this case are not entirely clear, but further development at trial may provide Plaintiff with a basis for this state claim.

After argument on Defendants' motion, the court indicated it was inclined to refer this case to United States District Court Judge Richard G. Stearns. However, upon reconsideration, the court will retain the case. A separate

scheduling order will establish a final timetable for completion of pretrial proceedings and trial.

It is So Ordered.

                                /s/ Michael A. Ponsor
                                MICHAEL A. PONSOR
                                United States District Judge